**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FILED
MAY 18 2007
U.S DISTRICT COURT
MARTINSBURG, WV 25401

**DEMETRIS HILL,**
**Plaintiff,**

**Vs.** **Case No.: 06-CV-136-(INK)(JSK)**

**WARDEN AL HAYNES, et.al.,**
**Defendants.**
**---------------------------------------------------/**

**BRIEF IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION**

## Statement of the Case

This is a Bivens action filed by a prisoner acting *Pro Se,* who is confined at USP Hazelton, seeking damages, a declaratory judgment, and injunctive relief. The issue presented is: Waiver of the exhaustion process, denial of due process, retaliation, cruel and unusual punishment, deliberate indifference, inter alia, a violation of plaintiff First; Eight and Fourteen constitutional rights. Defendants have filed a Motion for Summary Judgment as to all of Plaintiffs claims, arguing Plaintiff failed to exhaust administrative remedies.

## Statements of Facts

The Plaintiff declaration submitted herewith includes a detailed description and will be incorporated by reference, as well as the complaint. In sum, Plaintiff repeatedly attempted to exhaust the administrative remedy process, yet because

those remedies were made deliberately and intentionally "**unavailable",** The Defendants have waived the exhaustion process. Notably the Defendants do not support their motion with even one affidavit from any of the Defendants in this matter, placing the validity or veracity of the claims alleged in the complaint in question. Defendants "Attachment B" is dated after the complaint was filed and the response is dated December 31, 2006. "Attachment C" is dated after the complaint was filed, the response is December 31, 2006, however the Unit Manager signature appear with the date January 8, 2007. "Attachment D" has no filing date or response date. "Attachment E" shows it was issue on December 12, 2006 and not responded to till December 24, 2006 (issue raised not in complaint). "Attachment F" is dated December 19, 2006 and responded to December 24, 2006. All of these administrative remedies are after the filing of the complaint in this matter. It is Plaintiff contention that these responses were only done as a direct result of the litigation filed against them. Proof is found in the fact that every correspondence sent from the court in this matter has been opened as "general mail". See Exhibit _____ and if the legal log book is checked the court will notice "not one" piece of mail from the West Virginia court house is logged in it. This has been done repeatedly to "Monitor" this case, and that is why the administration has been now responding to the administrative remedies forms. See Exhibit ______ the new BP8's issued in SHU with tracking numbers; and the deletion of the 5 day response

requirement at the top of the old BP8 form. Moreover, if the court looks at the BOP national policy contained in the 28 CFR, it will see all U.S. court mail is to be treated as legal (special) mail. Further the Defendants attorney (A.U.S.A.) mail is not opened and is treated as legal mail. Further, the affidavit of Alecia D. Sankey is of no moment as she does not work in USP Hazelton, and all her information is based on what the Defendants and other USP Hazelton officials log into the computer, what has been deleted or simply not logged in, she has no knowledge of. As for Defendants and Ms. Sankey' assertion Plaintiff has only filed "7" administrative remedies at the final level (pg. 4 of Gov. Exh. 1). If the court will look at Government or Defendants "Attachment A" the court will note – Plaintiff was a pre-trial detainee up and until June 07, 2006; all the administrative remedies (the bulk) were filed during that time period; and each time plaintiff would file on the officials of the local pre-trail facility – the officials would have me moved out of BOP custody to "local county jails" repeatedly where they do not have the BOP forms, this issue is being litigated in *Hill v.Laird, et al,* Case No. 06-CV-126 (JS)(MLO)(E.D.N.Y.). So that's why Plaintiff was unable to keep filing to the final stage. And the BOP has a history of preventing prisoners from being capable of exhausting an administrative remedy. Many courts have stated that the BOP waives exhaustion when they make administrative remedy forms unavailable.

## ARGUMENTS

**Point One:**

**USP Hazelton Officials Have Waived the Exhaustion Process**

A. Plaintiff does not dispute that title 42 U.S.C.§ 1997 e (a), the Prison Litigation Reform Act (PLRA) makes all prisoner suits subject to the exhaustion requirement of all "available administrative remedies". Available administrative remedies must be exhausted and this is mandatory, *Porter v. Nussle,* 534 U.S. 516 at 524 (2002). However, exhaustion, is an affirmative defense that must be pleaded and proved by the Defendants, because certain caveats do apply to the prisoner e.g. (1) administrative remedies are not available to the prisoners; (2) Defendants have either waived the defense of failure to exhaust or acted in such a way as to stop them from raising the defense; (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures justify the prisoners failure to comply with the exhaustion requirement; compare *Hemphill v. New York,* 380 F.3d 680,686 (2nd Cir. 2004) (note a 2007 Supreme Court decision already issued may support this contention as well).

B. Category "1 & 2" *supra* are applicable in the instant case. In that, Plaintiff who was in SHU could not obtain the necessary forms, and when he did get said form and filed the complaint it was repeatedly not responded to and Plaintiff was retaliated against for filing these complaints. And example is Plaintiff ordeal with

Lt. Clemens, (See Declaration Pt. 16, 17, 18, 19) when he complained his books were taken, he was put in SHU, (no incident report was issued, no disciplinary action at UDC or DHO), and forced into a 5 man cell. He wrote BP8's none were responded to, he filed a BP9 it was rejected, he spoke to the Captain Oddo (Supervisor of all Lts.) nothing was done; complained to the associate warden Gill (supervisor of security), the captain's boss – all to no avail, sent Mr. Haynes repeated letters, no response. This constitutes waiver of the exhaustion process. See *Williams v. Norris,* 176 F.3d 1089, 1090 (8th Cir. 1999) (inmate has exhausted administrative remedies for purposes of 1983 claim when prison has denied grievance); *Long v. Lafko,* 2001 WL 863422 at n.1 (S.D.N.Y July 31, 2001)(grievance not responded to).

C. Plaintiff "Exhibit A" clearly shows that "immediately" after being subjected to the draconian, inhumane living conditions of SHU e.g. forced to defecate in a crate with a bag; Plaintiff promptly filed a complaint on September 15, 2006 over 6 months later it is still not responded to as of March 12, 2007 – that constitutes waiver of the exhaustion process *Zienba v. Wezner,* 366 F.3d 161 (2nd Cir. 2004). Plaintiff asserts this is direct proof of Defendants deliberately not responding to complaints; moreover Plaintiff's "Exhibit B" and Exhibit I, proved he attempted to exhaust his administrative remedy in that, he filed the BP8 which was not responded to; then he filed the BP9, by specifically addressing the envelope to

the warden of USP Hazelton and Plaintiff stated in the BP9 that the BP8 had not been responded to and still the BP9 was rejected, thus Plaintiff asserts Defendants have again waived the exhaustion process by making the administrative remedy process de facto unavailable. See *Hemphill,* supra 380 F.3d at 687. Moreover the threats and retaliation of Lt. Trate, and C.O. Spottan have done the same.

D. Prison officials can not be allowed to impede the exhaustion process, then turn around and attempt to use it as a shield against liability *Giano v. Goord*, 380 F.3d 670, 677 (2nd Cir. 2004); *Wright v. Hollingsworth,* 260 F.3d 357,358 n.2 (exhaustion "may be subject to certain defenses such as estoppel); *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir. 1999)(exhaustion requirement fulfilled by informally writing complaints because prison staff were aware of prisoners situation). Defendants reliance on *Woodford v. Nqo,* 126 S. Ct. 2378 (2006) is essentially misplaced; the court explained that the PLRA requires "proper exhaustion" which "means using" all steps that the agency holds out, and doing so properly (so that the agency addresses the issue on the merits)" *Id. At 2385*. The Plaintiff attempted to do that, and Defendants prevented him from completion and thereby have waived the exhaustion requirement *Zienba v. Wezner,* 366 F.3d 161, 163(2nd Cir. 2004). It must be noted a recent Supreme Court case may address this issue, Plaintiff has not read the case yet, so will not cite it, but it was a unanimous

decision. However for the reasons stated above Defendants should be deemed to have waived the exhaustion requirement.

**Point Two**

**The Conduct Alleged in the Complaint Violates Clearly Established Law.**

A. In America, the year 2006 and 2007, no prisoner should be forced to defecate in a "crate and plastic bag" as a bathroom, *Masonoff v. Dubois*, 853 F.Supp. 26, 29 (D. Mass. 1994) (denial of access to common toilet area would violate the constitution) and forced to hold urine and feces in the cell for a once a day, pick up is not only unconstitutional but a human rights violation, *Young v. Quinlan,* 960 F.2d at 364-65_(even if placement in a "dry cell" was justified, the refusal to let the prisoner out to use a toilet and to empty his urinal would violate the constitution). And BOP national policy 28 CFR 541.21© which states in part, each inmate "shall" have a cell, with bed, mattress, toilet, sink; etc; or subd.(5), "segregated inmates shall have the opportunity to maintain an acceptable level of personal hygiene. Staff shall provide toilet tissue, wash basin, toothbrush, eyeglasses, shaving utensils, etc., as needed," *Toussaint v. Rushen*, 553 F.Supp. 1365, 1372, 1379-80 (N.D. Cal. 1983); *Kirby v. Blackledge*, 530 F.2d 583, 586 (4th Cir. 1976); *LaReau v. MacDougall*, 473 F.2d 974, 978 (2nd Cir. 1972). The denial of any water to wash hands for days and a cell that smells of pure feces and urine where Plaintiff was forced to put his (and cell mates) defecation bags and urinal

through the same slot, the food was passed through is beyond cruel and unusual punishment, *Johnson v. Pelker,* 891 F.2d 136, 139 (7th Cir. 1980)(three day denial of water in filthy cell stated an Eight Amendment claim) *Carver v. Knox County, Tenn,* 753 F.Supp. 1370, 1389, (E.D. Tenn. 1989)("functioning, sinks, toilets, and showers are basic necessities of modern life, particularly within the confines of a wholly self-contained environment such as a jail) and the denial of hygiene products can violate the constitution, *Carver v. Bunch,* 946 F.2d 451, 452 (6th Cir. 1991) (allegation of two week denial of hygiene products stated an Eighth amendment claim), *Chandler v. Baird,* 926 F.2d 1057, 1063-65 (11th Cir. 1991); *Kirbrough v. O'neil*, 523 F.2d 1057, 1059 (7th Cir. 1975). Moreover, these conditions are not isolated incidents, repeatedly people are placed in these cells. See Exhibit H of Mr. Brooks, he was in there just two weeks ago, along with other prisoners, who's affidavits Plaintiff is unable to get due to his segregation and they being segregated on another range. And further, these cells are being used for a disciplinary purpose. (See argument infra). Not over crowding.

B. Plaintiff asserts in his declaration he was retaliated against (see declaration at pg. 16, 17, 18, 20, 21, 22) in numerous ways; e.g. Plaintiff was placed in the (hole) SHU for complaining about C.O. Morgan confiscating his books and using racial slurs and derogatory statements; for filing BP8's on C.O. Spottan and Lt. Gifford he was repeatedly placed in a cell with no toilet, sink or

bed; when counselor Etris, read that Plaintiff had a law suit against another institution, in Plaintiff's PSI; although Plaintiff was cleared for population by Lt. Murukah who did the captain review for all incoming prisoners that day, Etris got another Lt. Patrisko (See exhibit G) to sign a detention order and place Plaintiff in SHU; C.O. Foster stole all Plaintiff's commissary items for writing complaint that he would not give Plaintiff his legal property; retaliation for seeking redress is unconstitutional. *See Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982) (campaign of harassment), *Martin v. Ezeggu,* 816 F.Supp. 20, 24 (D.C. 1993)(on going pattern of harassment and arbitrary exclusion from law library); *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978) (Death threats), and seizure or deprivation of legal papers may also violate the constitution *Slie v. Bordenkirches,* 526 F.Supp 1264, 1265, (N.D.W. VA. 1981).

C. Plaintiff alleges the mail room kept his legal mail rather than forwarding it, thereby preventing him from knowing or being able to cross examine an adverse witness about having to be subpoenaed to court, See *Gramenga v. Johnson*, 846 F.2d 675,676-78 (11th Cir. 1988)(right of access (to court) violated by policy allowing "sizeable bundle" of mail to accumulate prior to delivery, which resulted in prisoner not receiving notice and able to appeal). (Declaration at pg. 29).

D. Declaration of Plaintiff (at pt. 23) and the complaint allege counselor Morrero refused to give Plaintiff legal calls to his witnesses or paralegal, so that

Plaintiff was unable to get his witnesses to court in his civil trial in the S.D.N.Y., in which Plaintiff was *Pro Se,* this denied him meaningful access to the courts, and effective *Pro Se* representation. *Demellory v. Cullen*, 855 F.2d 442, 446-49 (7th Cir. 1988)(right of access implicated when inmate with no appointed counsel alleged denial of all legal assistance except old books and exact system). *Cf. Milton v. Morris,* 767 F.2d 1443, 1446, 47 (9th Cir. 1985)(due process violated when state unjustifiably hindered self representation efforts by denying meaningful access to telephone). Moreover, Morrero failed to do SHU rounds and provide the necessary BP8 forms, which was his duty 28 CFR 542.14 Subd.(c) and to get responses or otherwise reply, or reply in a timely manner, as administrative remedies formal and informal must be submitted in 20 days Id. Subd.(a), by not providing and by not responding to complaints Plaintiff's First Amend. Constitutional right to seek redress was violated. *Bounds v. Smith,* 430 U.S. 817. Plaintiff was unable to get the witnesses to court.

E. The Complaint and declaration (atpt. 27, 28, 29) allege imminent danger to prisoners and Plaintiff in SHU, in that Lt. Trait and C.O. Spottan are repeatedly forcing incompatible prisoners in the cell together and it resulted in numerous assaults, fights, and sexual assaults, and there is no screening process before prisoners are placed in the same cell e.g. crip and bloods have been placed in the cell together and the same recreation cage (this after a crip was allegedly killed by

alleged blood members) informants with non-informants, homosexuals with non-homosexuals, mentally ill patients prisoners with non-mentally ill prisoners, in violation of the constitution, *Farmer v. Brennan,* 114 S .Ct. 1970, 1982-84(1994). C.O. Spottan is most often "directly" responsible for SHU cell assignment, and deliberately, intentionally houses antagonistic aggressive prisoners together, and if a ~~prisoner~~ staff request to "cuff up" to allow the prisoner in the cell Lt. Trait, the immediate SHU supervisor will use a 5 man team wearing extraction/riot gear with a pepper gun to coerce and force the prisoner in the cell, their actions constitute reckless disregard for prisoner safety, according *Goka v. Bobbitt,* 862 F.2d 646, 651 (7th Cir. 1988). (The constitution is violated "where defendants know of the danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred, and yet defendants fail to enforce a policy or take other reasonable steps which may have prevented the harm) and injunctions have been deemed proper for prisoners deemed in danger, *Withers v. Levine*, 449 F. Supp. 473, 479, (D. Md. 1978). (procedures for safe placement to be promulgated) affirmed 615 F.2d 158 (4th Cir. 1980). *Doe v. Lally*, 467 F.Supp. 1339, 1354-57 (D. Md. 1979). And staff simply do not respond to duress buttons in the cells – and in fact shut the sound off so they do not have to hear it in the office, and there is a Plexiglas's barrier over the front of each range so staff can't even hear prisoners yelling out of there cells for help, *Benjamin v. Malcon,* 564 F.

Supp. 668, 672 (S. D.N.Y. 1983) (lack of observation caused by structure of tiers), *Vosburg v. Solem,* 845 F.2d at 766-67 (limited guard coverage, guard stationed where they could not see into cells ). Moreover, there is one inmate in particular who has assaulted or fought with every (almost) prisoner he has been in the cell with and the C.O. still place him to be double celled. M*atzker v. Herr,* 748 F.2d 1142-49 (7th Cir 1984) (failure to "exercise proper supervisory authority or direction to remedy known violence problem). Further, Lt. Trait intentionally did not move plaintiff off the range when he shot some form of chemical agent (possibly a pepper ball gun) at another prisoner, knowing Plaintiff suffers from extreme asthma attacks. Lt. Trait did however move two white prisoners out of there cells and prior to using the gun. This caused Plaintiff to have another asthma attack and be given a breathing treatment, injections, and other breathing related medications, *Slakan v. Porter,* 737 F.2d 368, 372 (4th Cir. 1984). Also keeping these cells excessively cold – to the point where Plaintiff had ice inside the cell, may be unconstitutional. *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).

**In the Alternative of Complete Denial of Defendants Motion; Plaintiff Request Denial of the Motion Until Discovery has Been Effected and for the Lack of Proper Evidentiary Basis by Defendants for the Motion.**

A. In accordance with Rule 56(f) Fed.R.Civ. P. if the court does not feel Defendants Motion should be denied based on the brief, affidavits, and exhibits of the Plaintiff, he request the court deny or otherwise stay it until Plaintiff has had

the opportunity to receive discovery from Defendants, since the documentation needed by Plaintiff is in their possession, see *Costtlow v. United States,* 552 F.2d 560, 564 (3d Cir. 1977) *according Baker v. Mcneil Island Corrc. Center,* 859 F.2d 124, 127 (9th Cir. 1988) *e.g.*_Defendants "attachment H" is numbered page 144 through 164 yet page 146 is "missing" and the front of Defendants "attachment H" says 163 Remedy submissions selected; why was page 146 (see document at top left corner) is not attached to the rest- yet page 146 is missing and the "page ends on 164" counting from back to front – note if 144, 145 were both filed at Hazelton, 146 must have been as well. Plaintiff contends that "146 page" is the "first" BP9 he filed stating that "BP8's not responded too, giving deadline" (Plaintiff did a second one in Jan. 2007) Plaintiff requests page 146 from defense "attachment H" be immediately turned over to the court and Plaintiff. Further, would like to get affidavits from T. Simpson who also had C-Unit while at Hazelton and has been transferred, but who will attest that Morrero never does rounds in SHU, (and as "Rupunzel Stevens" said in previously submitted affidavit (by Defendant). She does not give out administrative remedy out. And the Unit Manager Milton does not give them out either. Mr. Simpson will further attest to having his administrative remedies not responded to; being placed in a recreation cage with an alleged crip (he is allegedly a Blood member) and a fight occurring, Spotland and Lt. trait betting as to who would win, and numerous act of retaliation he endured while

back here in SHU at Hazelton. Further Plaintiff would like to obtain an affidavit from Lt. Murukah, and other documentary evidence to prove his claims in total, and active impediments to exhaustion, and get affidavit from inmate Gregory and cell mate, on how their cell was taken and they were placed in cell with no toilet or sink, by Lt. Trait as a disciplinary measure for complaining about staff. *Jackson v. Procunier*, 789 F.2d 307, 312 (5th Cir. 1986).

B. Defendants have moved for Summary Judgment without even one affidavit from any of the Defendants disputing or denying any of the claims of the Plaintiff; or an affidavit of any one with personal knowledge of the facts, e.g. Alecia Sankey does not work in U.S.P. Hazelton and her assertions are based only on what's in her computer, i.e. She has no way of knowing how many BP8's or BP9's Plaintiff has filed since she did not pick them up from Plaintiff or enter them into the computer. There is not a proper evidentiary foundation for her statements. In particular, courts have held that prison officials who argue that a prison rule or practice should be upheld as reasonably related to a legitimate penological objective must submit evidence, and not just argument. See *Walker v. Summer,* 917 F.2d 382, 386-87 (9th Cir. 1990). *Hunafa v. Murphy*, 907 F.2d 46, 48 (7th Cir. 1990). Defendant state that Plaintiff has not exhausted administrative remedy, yet fail to adduce one scintilla of evidence, that administrative remedies were "available" to Plaintiff during the time frame alleged within the complaint or

declaration, in fact Rule 56 (Fed.R.Civ.P.) requires a Summary Judgment Motion to have "annexed to the notice of motion a separate, short and concise statement of the Material facts as to which the moving party contends there is no genuine issue to be trial. Failure to submit such a statement constitutes grounds for denial of the motion.

For all the foregoing reasons the court should deem the exhaustion process waived, and deny the motion, or in the alternative allow discovery and or deny Summary Judgment for lack of factual evidentiary foundation in accord with Rule 56.

I Demetrius Hill, declare under penalty of perjury that the foregoing facts are true and correct. Title 28 U.S.C. §1746. Dated: 5/7/07

Respectfully submitted,

Demetrious Hill

Demetrious Hill, *Pro Se*
Reg. 68133-053
USP Hazelton
P.O. Box 2000
Bruceton Mill, WV 26525

**CERTIFICATE OF SERVICE**

I HEREBY DO CERTIFY that a true and correct copy of the Plaintiff Statements of Disputed Factual Issues was mailed to each one of the defendants in this matter, by over placing the mail in the SHU's mail proceeding.

Done this 7th, day of ~~April~~ May 2007

Respectfully submitted,

Demetrius Hill, *Pro Se*
Reg. 68133-053
USP Harelton
P.O. Box 2000
Bruceton Mill, WV 26525

**CERTIFICATE OF SERVICE**

I HEREBY DO CERTIFY that a true and correct copy of the Plaintiff Statements of Disputed Factual Issues was mailed to each one of the defendants in this matter, by over placing the mail in the SHU's mail proceeding.

Done this _____, day of April 2007

Respectfully submitted,

______________________________

Demetrius Hill, *Pro Se*
Reg. 68133-053
USP Harelton
P.O. Box 2000
Bruceton Mill, WV 26525