IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEMETRIUS HILL,**

    **Plaintiff,**

v.                                                        **Civil Action No. 3:06cv136**
                                                                                            **(Judge Bailey)**

**WARDEN AL HAYNES, A. W. GILL,**
**WARDEN JOE DRIVER, CAPT. ODDO,**
**LT. CLEMENS, LT. GIFFORD, LT. TRAIT,**
**C. O. SPOTLAN, C. O. FOSTER, C. O. MORGAN,**
**COUNSELOR MORRERO, COUNSELOR ETRIS,**

    **Defendants.**

## OPINION/ REPORT AND RECOMMENDATION ON
## THE DEFENDANTS' MOTION TO DISMISS

### I.  Factual and Procedural History

On December 15, 2006, the *pro se* plaintiff initiated this action by filing a civil rights complaint against the above-named defendants. On January 11, 2007, the undersigned conducted a preliminary review of the file and determined that the complaint not be summarily dismissed at that time. Therefore, the Clerk was directed to issue summonses for the defendants and forward the case to the United States Marshal Service for service of process. The docket reflects that service of process was effected on January 19, 2007.

After the granting of an extension of time, on April 2, 2007, the defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On April 3, 2007, the undersigned issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the plaintiff was advised of his right to file material responsive to the defendants' dispositive motion, and of the consequences of failing to do so. The plaintiff filed a response in opposition to the

defendants' motion on May 18, 2007.

**A.     The Complaint**

In the complaint, the plaintiff alleges that the defendants violated his rights under the First, Fifth and Eighth Amendments to the United States Constitution. More specifically, the complaint asserts that the plaintiff is being held improperly in administrative confinement under conditions that are so unsanitary and deplorable that they threaten the plaintiff's health and well-being and constitute cruel and inhumane punishment. Moreover, the complaint asserts that because the plaintiff has complained about those conditions and other alleged constitutional violations, staff has threatened to kill him and/or has portrayed the plaintiff as a snitch so other inmates will assault him. The complaint further asserts that staff has refused him the tools necessary to file complaints or otherwise litigate his complaints and has impeded his ability to exhaust his administrative remedies. Finally, the plaintiff asserts that staff in the administrative confinement area do not respond to medical or other emergencies, thereby endangering the lives of all the inmates confined in that area.

**B.     The Defendants' Motion to Dismiss or for Summary Judgment**

In support of their motion, the defendants assert that since his confinement, the plaintiff has submitted more than 163 administrative complaints. Moreover, since his designation to USP-Halzelton, on September 12, 2006, the defendants assert that the plaintiff has filed 20 requests for administrative remedy at the institutional level. However, the defendants assert that the plaintiff has not fully exhausted a single remedy since being at USP-Hazelton. In fact, the defendants assert that the plaintiff has a history of failing to exhaust his administrative remedies. For example, of the 163 remedies the plaintiff has initiated since his arrival in Bureau of Prisons ("BOP") custody, the plaintiff has only submitted seven of those remedies for consideration at the final level of the

administrative process.

The defendants then outline the statutory requirements for the exhaustion of administrative remedies and the important public policy considerations that support requiring exhaustion prior to filing suit.[1] The defendants then assert that the plaintiff has failed to demonstrate that he had fully exhausted his administrative remedies and seeks the dismissal of his case for that reason. As to the plaintiff's claim that the defendants have hindered his ability to exhaust administrative remedies, the defendants assert that the plaintiff's records show that he has had unencumbered access to the administrative process throughout his incarceration as evidenced by the numerous claims filed by the plaintiff. In addition, the defendants assert that the plaintiff's administrative history shows that he has historically chosen to not follow the process through every level. Therefore, the defendant argues that the Court should not be persuaded by the plaintiff's argument that staff has allegedly failed to respond to his requests for informal resolution.

## C. **Plaintiffs' Reply**

In reply to the defendants' motion, the plaintiff has filed an affidavit, under penalty of perjury, in which he states that he has repeatedly filed requests for informal resolution of his complaints since his arrival at USP-Hazelton. The plaintiff also asserts that he has filed institutional grievances and appeals that were also never responded too. The plaintiff further asserts that if his grievances and appeals are not showing on the BOP's computer records system, then they were either intentionally destroyed or never logged into the system. The plaintiff provides a computerized remedy printout which purports to show that even the BOP's own computer system establishes that

---

[1] In fact, in one instance, the defendants assert that since the initiation of this case, one of the issues raised in the complaint has been resolved. As a result, the defendants assert that had the plaintiff properly exhausted his administrative remedies to begin with, some of the claims raised in the complaint could have been resolved without expending judicial resources.

3

the remedies have never been responded too.

In addition, the plaintiff asserts that it is not simply the BOP's failure to respond to his grievances which has hampered his exhaustion efforts, but also the fact that staff has failed to give him administrative remedy forms upon request. The plaintiff asserts that he is unable to even initiate the process in some instances because of the defendants failure to provide him the appropriate forms. The plaintiff also asserts that contrary to the defendants contentions in their motion, none of the issues raised in the complaint have been resolved since the filing of this case. Although the defendants assert that a confiscated book had been returned to the plaintiff following the filing of this action, the plaintiff asserts that such is not the case. Therefore, the plaintiff asserts that there are genuine issues of material fact in dispute and requests that his case not be summarily dismissed for the reasons offered by the defendants.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for

4

summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.   Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted). Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

### III. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at USP-Hazleton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief,

---

[2] Id.

6

the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

However, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

In this case, the defendant has filed documentation which purports to show that the plaintiff has had unencumbered access to the BOP's administrative remedy process, but that the plaintiff has, of his own accord, not fully complied with that process in most instances. However, in a verified affidavit, the plaintiff attributes his failure to complete the process with the actions of BOP staff. Specifically, the plaintiff asserts that he has filed grievances and appeals that are not showing on the BOP's computer generated reports. Therefore, the plaintiff asserts that staff is either destroying those documents or simply not entering them on the computer so it looks as if he has not completed

7

his administrative remedies. On the other hand, the defendants have not verified the accuracy of their reports, or filed any affidavit from any staff member which would contradict the plaintiff's assertion.

In addition, the defendants ask the Court to look to the plaintiff's entire administrative record and find that the plaintiff has a pattern of initiating the grievance proceeding, but not completing it. While this may be true, the plaintiff's past administrative history is largely irrelevant to whether the plaintiff has actually exhausted the issues raised in the instant case.

Finally, the defendants have not addressed the plaintiff's claim that staff has hindered his attempts to exhaust administrative remedies by failing to provide the plaintiff with administrative remedy forms. Accordingly, although the plaintiff concedes that his administrative remedies are not exhausted in this case, there is a genuine issue of material fact as to whether or not the defendants played a part in the plaintiff's failure to exhaust, and thus, the undersigned finds that it would be inappropriate to grant summary dismissal of the plaintiff's claims for the failure to exhaust based on the current record.

## IV. Recommendation

For the reasons set forth herein, the undersigned recommends that the defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment (dckt. 38) be **DENIED** and the defendants be directed to file a response on the merits of the plaintiff's claims.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United

States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE