IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

FILED
MAR - 3 2008
U.S. DISTRICT COURT
MARTINSBURG, WV 25401

**DEMETRIUS HILL,**

    **Plaintiff,**

v.

                                            Civil Action No. 3:06CV136
                                            (Judge Bailey)

**WARDEN HAYNES, A.W. GILL,
WARDEN DRIVER, CAPT. ODDO,
LT. CLEMENS, LT. GIFFORD,
LT. TRAIT, C.O. SPOTLAN,
FOSTER, C.O. MORGAN, COUNSELOR
MORRERO, and ETRIS,**

    **Defendants.**

## ORDER DECLINING TO ADOPT THE REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull [Doc. No. 45], dated November 29, 2007, and the defendants' Objections [Doc. No. 47] thereto filed on December 10, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. In that filing, the magistrate judge recommended that this Court deny the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. No. 38].

On December 15, 2006, the *pro se* plaintiff, Demetrius Hill, initiated this case by filing a complaint [Doc. No. 1] alleging numerous claims. The defendants, in response, filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. No. 38]. In that Motion, the defendants argue that the plaintiff has not yet exhausted his administrative remedies, as required by Prison Litigation Reform Act, 42 U.S.C. § 1997e.

As noted in the Report and Recommendation, the requirement to exhaust can be waived in certain circumstances, for example, if the prison staff refuse to provide the inmate with grievance forms. See R & R at 7.

In his response [Doc. No. 42], the plaintiff argues that he is not bound to the requirement of exhausting administrative remedies because the defendants prevented him from accessing the required forms and therefore have waived the failure to exhaust argument. Plaintiff also alleges that the reason why he could not exhaust his administrative remedies is because the prison officials did not enter all of his paperwork into the system. The magistrate judge noted that "the defendants have not verified the accuracy of their reports, or filed any affidavit from any staff member which would contradict the plaintiff's assertion." R & R at 8.

However, with their objections, defendants filed a declaration from Susie Elza, declaring, under penalty of perjury, that she is an Administrative Specialist who is responsible for processing all administrative remedies, and that she has "never failed to process any administrative remedy nor [has she] ever destroyed any administrative remedy submitted by inmate Demetrius Hill[.]" Doc. No, 47, Ex. 2, pg. 2. Also, Rapunzel Stephens declared, under penalty of perjury, that when she interviewed Mr. Hill on December 27, 2006, less than two weeks after he filed his complaint [Doc. No. 1], he did not express any concerns regarding receiving remedy forms, submitting the forms, or receiving responses. Doc. No. 47, Ex. 3, p. 3. Therefore, this Court finds that no genuine issue of material fact exists as to "whether or not the defendants played a part in the plaintiff's failure to exhaust." See R and R at 8. This Court hereby **DECLINES** to adopt the Report and Recommendation [Doc. No. 45].

For the foregoing reasons, the Court **ORDERS** that:

1. the plaintiff's claims against all the defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE**;

2. that defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment be **GRANTED**;

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the plaintiff and all counsel of record.

**DATED:** March _1_, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE