FILED

JUL 1 3 2011

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEMETRIUS HILL,

      Plaintiff,

v.                                        Civil Action No. 3:06CV136

WARDEN HAYNES, A.W. GILL,
WARDEN DRIVER, CAPT. ODDO,
LT. CLEMENS, LT. GIFFORD, LT.
TRAIT, C.O. SPOTLAN, FOSTER,
C.O. MORGAN, COUNSELOR
MORRERO AND ETRIS,

      Defendants.

## PROTECTIVE ORDER

The Court recognizes that certain documents being produced to counsel for the Plaintiff, pursuant to the ongoing discovery proceedings herein, including, but not necessarily limited to the Plaintiff's "Central File," portions of certain Manuals and Program Statements of the BOP, and logs of certain activity recorded at and maintained as records by USP Hazelton, may contain sensitive and confidential information, including that which potentially: (1) relates to and could potentially compromise security in BOP facilities; (2) identifies individuals who could be placed at serious risk should their roles in assisting law enforcement be disclosed; (3) may be subject to the requirements of the Privacy Act, Title 5 U.S.C. §522a; (4) qualifies as privileged; and/or (5) references sensitive personal matters and private concerns not relevant to the issue presently before the Court. Accordingly, for the reasons heretofore stated, the Court finds, and the parties have agreed, that certain specific documents among those being generally produced, and the information contained therein, should be subject to protection from further dissemination and/or disclosure. The purpose of this Order is to protect the confidentiality of such materials and to establish the procedures to be

followed by Plaintiff's counsel, the Plaintiff, and all other individuals who may receive access to the designated documents or to information contained in those documents. It is therefore accordingly

ORDERED as follows:

1. Documents which the Defendants deem as covered by one or more of the categories enumerated above shall be marked by the Defendants as "PRODUCED SUBJECT TO PROTECTIVE ORDER,"or "SUBJECT TO PROTECTIVE ORDER," or a similar marking. For any documents produced in a medium which makes such stamping impracticable, the diskette case and/or any accompanying paper or e-mail cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," or "SUBJECT TO PROTECTIVE ORDER", or contain a similar marking.

2. The Plaintiff and his counsel shall not further disclose or disseminate protected documents, or the information contained in said documents, to any individuals, organizations or entities, other than: (1) the Court and its personnel, including court reporters; (2) persons regularly in the employ of counsel for the Plaintiff who have a need for the documents or information in the performance of their duties (co--counsel, paralegals, investigators, secretarial staff, etc.); (3) potential witnesses needed for the purposes of this action; and (4) upon Order of the Court, any other person whom the plaintiff can show has a particularized need for such material and information. Counsel for the Plaintiff shall be responsible for advising his employees, the Plaintiff, and any other individuals listed in paragraph 2 to whom disclosure of protected documents, or information contained therein, is made, pursuant to the terms of this Order, of the content and terms of this Protective Order, and for ensuring their compliance therewith. Each person who views the documents shall be given a copy of this Order.

3. The Plaintiff and his counsel are prohibited from releasing, disclosing, exchanging, submitting, or sharing any protected documents, or information derived therefrom, to any other

person or entity not listed above without obtaining the prior express written approval by, or on behalf of, the Defendants. If the Defendants do not consent to disclosure, then the Plaintiff may, on motion, seek modification of this Order from the Court. The Plaintiff and his counsel are likewise prohibited from using or disclosing protected documents or information obtained pursuant to this Order for any purpose other than for this action and any appeals.

4. Counsel for the Plaintiff shall maintain and secure all protected information and documents in a confidential manner.

5. Protected documents and information produced by the United States shall not be copied or reproduced, except to the extent such copying or reproduction is reasonably necessary to the conduct of this action. All such copies or reproductions shall be subject to the terms of this Protective Order. The Plaintiff, himself, is permitted viewing privileges of protected documents and information under the auspices of his counsel, but he may not retain physical possession of protected documents and information, copies thereof, notes he may take upon viewing, or summaries thereof, in any medium, outside the presence of his counsel.

6. Those portions of any filings with the Court that include, reference or disclose protected documents or information shall be made under seal.

7. Nothing in this Protective Order shall be construed as limiting the right of any party to introduce protected documents or information into evidence in the instant action, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.

8. The procedures set forth herein may be modified by further Order of the Court *sua sponte,* or upon application of any party. The parties reserve the right to seek amendments to broaden or restrict the rights of access to, and use of, protected material, or to seek other modifications to the terms of this Protective Order, and to further oppose any such <u>Motion</u> to modify

these terms.

9. This Order shall continue in effect after the conclusion of these proceedings. Within sixty (60) days of the conclusion of this litigation, which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted, counsel for the Plaintiff and any person or entity in possession of protected documents shall either return such material and all copies thereof to counsel for the United States, or destroy all such material, except for a single copy that counsel for the plaintiff may retain in his litigation files. Any such retained material remains subject to the terms of this Protective Order and shall be placed in an envelope marked "Protected Information Subject to Protective Order." Counsel for the Plaintiff will notify counsel for the United States after the termination of this litigation and any appeals thereof that such documents have been returned or destroyed.

10. The designation, or failure to designate, any materials as protected documents shall not constitute a waiver of the Defendants' assertion that the materials are covered by this Order. To this effect, any document or material which is not available to the general public, but which has already been produced by the United States and which is currently in the Plaintiff's possession, shall be otherwise deemed covered by the terms of this Order, and the Plaintiff is prohibited from releasing, disclosing, distributing, reproducing, or sharing any such documents, or information derived therefrom, except as provided herein. Said material is to be returned by the Plaintiff to his counsel at the conclusion of this case, as defined herein, and is, further, not to be used for any purpose other than for this action and any appeals.

11.    This Order is binding on all parties to this action, counsel for the parties, and any and all of their employee, agents, consultants, and experts.

DATED: _July 13, 2011_

_John S. Kaull_
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

FOR PLAINTIFF:        /s/ Darrell W. Ringer
                      Darrell W. Ringer, Attorney at Law
                      114 High St
                      Morgantown, WV 26505
                      Phone: (304) 292-1999
                      Fax: (304) 292-3372
                      E-mail: dringer@ringerlaw.com

FOR DEFENDANT:        /s/ Betsy Steinfeld Jividen
                      WV Bar No. 3592
                      Assistant United States Attorney
                      P. O. Box 591
                      Wheeling, WV 26003
                      Phone: (304) 234-0100
                      Fax: (304) 234-0112
                      E-mail: betsy.jividen@usdoj.gov