**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAY - 6 2011

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**DEMETRIUS HILL,**

Plaintiff,

v.

Civil Action No. 3:06cv136
(Judge Bailey)

**WARDEN HAYNES, A.W. GILL,
WARDEN DRIVER, CAPT. ODDO,
LT. CLEMENS, LT. GIFFORD, LT.
TRAIT, C.O. SPOTLAN, FOSTER,
C.O. MORGAN, COUNSELOR
MORRERO AND ETRIS,**

I hereby certify that the annexed instrument
is a true and correct copy of the document filed
in my office.
ATTEST: Cheryl Dean Riley
Clerk, U.S. District Court
Northern District of West Virginia

By: _____
Deputy Clerk

Defendants.

## ORDER TO TRANSPORT

The plaintiff initiated this case *pro se* on December 15, 2006. [Dckt. 1] On March 17, 2011, the undersigned set this case for an evidentiary hearing and appointed counsel for the plaintiff.[1] [Dckt. 81 & 82] Now before the Court is the plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum. [Dckt. 85]

In his petition, counsel asserts that the plaintiff is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). According to counsel, USP-Lewisburg is five to six hours from his office in Morgantown, West Virginia. Therefore, counsel has attempted to confer with the plaintiff by telephone in an effort to prepare for the up coming evidentiary hearing. However, the plaintiff is limited to biweekly telephone calls. Each call lasts only one hour. Counsel asserts that he has attempted to obtain additional telephone communication in accord with Bureau

---

[1] This case has a long and complicated procedural history. This case was originally filed in December of 2006 [dckt. 1] and denied and dismissed on March 5, 2008 [dckt. 51]. The plaintiff appealed that decision [dckt. 53] and the case was later remanded by the Fourth Circuit Court of Appeals [dckt. 68]. Upon remand, the case was re-referred to the undersigned to make findings consistent with the remand order of the Fourth Circuit Court of Appeals. [Dckt. 70] In order to do so, the undersigned directed the parties to file supplemental briefing. [Dckt. 71] After receiving the parties' supplemental responses, the case was set for an evidentiary hearing on the issue of exhaustion [dckt. 81] and counsel has been appointed for the plaintiff [dckt. 82].

of Prisons policy, but that the Warden has refused his request. Counsel asserts that two hours a week is not adequately sufficient for him to prepare for the evidentiary hearing scheduled for June 17, 2011. In addition, counsel notes that he has been appointed by the Court and that making in-person visits to the plaintiff would be extremely expensive for the government. Accordingly, counsel requests that the plaintiff be brought immediately within district so that counsel and the plaintiff may effectively prepare for the June hearing. The plaintiff also requests that the Court direct the Marshal Service to confine the plaintiff to either the Central Regional Jail or the North Central Regional Jail. He also requests that the Marshal Service be directed to transport all of the plaintiff's materials that the plaintiff deems appropriate or necessary for preparing for the evidentiary hearing.

Upon due consideration and for good cause shown, the Court hereby **ORDERS** that the plaintiff, Demetrius Hill (register number 68133-053), currently incarcerated at USP-Lewisburg in Pennsylvania, be forthwith transported within the Northern District of West Virginia where he shall reside until further order of this Court.[2] Because the Court finds that it is more appropriate in these circumstances to issue an Order of Transport rather than a Writ of Habeas Corpus Ad Testificandum, the plaintiff's request for a writ [dckt. 85] is **DENIED as moot**.

Additionally, the Court recognizes that the type of proof required by the allegations made in the complaint may require information, a part of which may be in the possession of the plaintiff, and which an order of transport would not produce.[3] However, nothing prevents the plaintiff from delivering the materials he deems necessary to proving his allegations, and in his possession, to his

---

[2] The Marshal Service shall house the plaintiff at one of the facilities normally utilized by this district and as space and convenience allows.

[3] The United States Marshal Service has a statutory obligation to obey lawful orders of the federal courts and to expend funds for the purpose of transporting prisoners. See Pennsylvania Bur. of Corr. v. U.S. Marshal Service, 474 U.S. 34, 37 (1985). However, pursuant to 28 U.S.C. § 2243, that duty extends only to producing the *body* of the person detained. *Id.* at 39 (emphasis added). For this reason, the plaintiff's request that the United States Marshal Service be directed to transport the plaintiff's legal materials with him must be **DENIED**.

2

attorney.

The Court also notes that the hearing in this case is scheduled for June 17, 2011. The Marshal Services advises that it will require 10-14 days to execute the Court's Order of Transport. Furthermore, the allegations in the complaint require communication between the plaintiff and his attorney prior to his transport to West Virginia and the ability to gather documents and other materials essential to prove the allegations made. Given that the plaintiff is housed in a Bureau of Prisons facility approximately six hours one way driving time from his court appointed counsel, it is not cost effective under currently hourly rates and transportation costs for an attorney to undergo such a trip to meet with a client. Therefore, the Court finds that prior to his transport, the only financially feasible communication between the plaintiff and his attorney is by telephone. Moreover, such communication is necessary for the plaintiff and his attorney to determine what documents are relevant to the scheduled hearing and any strategies they wish to impart at said hearing. Given the time limits noted above, the Court deems the plaintiff to be facing an "imminent" court deadline and that he must have adequate telephone access with his counsel in order to properly prepare prior to transport under this order.[4]

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED: May 6, 2011.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[4] Inmate Telephone Calls to Attorneys are governed by 28 C.F.R. § 540.13 which states, "The Warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communication with attorneys by correspondence, visiting, or normal telephone use is not adequate." The requirement that an inmate demonstrate an "imminent court deadline" as a basis for allowing more frequent inmate-attorney calls is found in Bureau of Prisons Program Statement 5264.08(10). The program statement does not, however, define the word "imminent."

3

**FILED**

**AUG 1 7 2012**

US DISTRICT COURT
MARTINSBURG, WV 25401

I certify that on this __16__ day of __May__, 2011, I executed in part/in full the within WHCAP/WHCAT/ASR/ASRT/ORDER by taking custody of the within named __DEMETRIUS HILL__, from __BOP__ at __LEWISBURG, PA__, and produced same at __N/WV USMS CUSTODY__ on _____, 2011, remanded same to the custody of __USMS N/WV @ NEOCC__.

Mr. Gary Gaskins, U.S. Marshal, Northern District of West Virginia

BY __Mark A Tilley SDUSM__

I certify that on this __28th__ day of __Feb.__, 2012, I executed in part/in full the within WHCAP/WHCAT/ASR/ASRT/ORDER by taking custody of the within named __Demetrius Hill__, from __when__ at __NEOCC__, and produced same at __Lewisburg Holict__ on __2/28__, 2012, remanded same to the custody of __BOP__.

Mr. Gary Gaskins, U.S. Marshal, Northern District of West Virginia

BY __Matthew Wilson__

I certify that on this _____ day of _____, 2011, I executed in part/in full the within WHCAP/WHCAT/ASR/ASRT/ORDER by taking custody of the within named _____, from _____ at _____, and produced same at _____ on _____, 2011, remanded same to the custody of _____.

Mr. Gary Gaskins, U.S. Marshal, Northern District of West Virginia

BY _____

I certify that on this _____ day of _____, 2011, the within WHCAP/WHCAT/ASRP/ASRT/ORDER is being returned "unexecuted" _____

Mr. Gary Gaskins, U.S. Marshal, Northern District of West Virginia

BY _____