IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DEMETRIUS HILL,**

    Plaintiff,

v.                                                     **CIVIL ACTION NO. 3:06-CV-136**
                                                            **(JUDGE GROH)**

**WARDEN AL HAYNES;
A.W. GILL; WARDEN JOE
DRIVER; CAPT. ODDO;
LT. CLEMENS; LT. GIFFORD;
LT. TRAIT; C.O. SPOTLAN;
C.O. FOSTER; C.O. MORGAN;
COUNSELOR MORRERO;
COUNSELOR ETRIS,**

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 170]. By Standing Order, entered on March 24, 2000, a **Bivens** civil rights complaint[1] originally filed by the *pro se* Plaintiff on December 15, 2006, was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Upon his initial review, Magistrate Judge Kaull filed his R&R on November 29, 2007 [Doc. 45]. In that filing, the magistrate judge recommended that the Court deny the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 38].

On December 10, 2007, the Defendants filed objections [Doc. 47] to the magistrate

---

[1] See **Bivens v. Six Unknown Federal Narcotics Agents**, 403 U.S. 388 (1971).

judge's R&R. Thereafter, on March 5, 2008, this Court entered an Order Declining to Adopt the R&R and dismissing the Plaintiff's complaint without prejudice [Doc. 51]. The Plaintiff appealed this decision to the United States Court of Appeals for the Fourth Circuit, which issued a *per curiam* decision on June 2, 2010, finding that the Plaintiff had shown genuine issues of material fact as to whether the Defendants hindered his ability to exhaust administrative remedies [Doc. 67]. Consequently, the case was "remand[ed] for a determination whether the grievance procedure was 'available' to Hill within the meaning of [42 U.S.C.] §1997e(a) so he could administratively exhaust his claim."

Pursuant to 28 U.S.C. §636, this matter was re-referred to the magistrate judge on August 16, 2010 [Doc. 70]. After a series of continuances at the request of both Plaintiff and Defendants, the magistrate judge conducted an evidentiary hearing which spanned three days: January 20, 2012, February 10, 2012, and February 15, 2012.

On September 5, 2012, the magistrate judge entered the instant R&R [Doc. 170], recommending that the Defendants' Motion to Dismiss or for Summary Judgment [Doc. 38] be granted, and further recommending that the Plaintiff's claims be dismissed.

Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. §636(b)(1); **Snyder**

*v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, this Court, by Order dated September 17, 2012 [Doc. 173], granted the Plaintiff until October 27, 2012, to file any objections to Magistrate Judge Kaull's R&R. The record reflects that the Plaintiff received service of this Order on September 21, 2012 [Doc. 174]. On November 1, 2012, the Court received in chambers a request from the Plaintiff for a second extension of time in which to file his objections. However, the Plaintiff's request for an extension was filed after the deadline to file objections had passed,[2] and it is, therefore, **DENIED**. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 170]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Defendants' Motion to Dismiss, or, Alternatively, Motion for Summary Judgment **[Doc. 38]** is hereby **GRANTED**, and the Plaintiff's *Bivens* Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**. This Court **DIRECTS** the Clerk to enter judgment in favor of the Defendants and strike this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to

---

[2] While the Plaintiff's handwritten request is dated "October 23, 2012," the envelope indicates that it was mailed on October 29, 2012. It is thus clear to the Court that the Plaintiff either back-dated the request or, at best, placed it in the mail after the deadline to file objections had passed. In neither event will the Court consider the Plaintiff's request, because it was not timely filed.

mail a copy to the *pro se* plaintiff.

   **DATED**: November 9, 2012

_/s/ Gina M. Groh_  
GINA M. GROH  
UNITED STATES DISTRICT JUDGE